### CLARENCE TULLEY v. THE STATE.

#### No. 3625. Decided June 16, 1915.

**Aggravated Assault—Information—Name of Prosecuting Attorney— Amendment.**

Where, upon trial of aggravated assault, the name of the prosecuting attorney was left out in the beginning of the information, and the court permitted the prosecuting attorney to insert his name, which, under articles 598 and 599, Code of Criminal Procedure, was a matter of form, and could be amended, there was no error in overruling a motion to quash on this ground. Following Jones v. State, 31 Texas Crim. Rep., 422.

Appeal from the County Court of Harris at Law. Tried below before the Hon. C. C. Wren.

Appeal from a conviction of aggravated assault; penalty, a fine of twenty-five dollars.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of amending matters of form in information: Rasberry v. State, 1 Texas Crim. App., 664, and cases cited in the opinion.

HARPER, JUDGE.—Appellant was convicted of an aggravated assault. But one question is presented in the motion for a new trial, and which

was also presented in motion to quash the information and motion in arrest of judgment. All the motions are based on the fact that the information as filed read: "In the name and by authority of the State of Texas, . . . . . . . . . . . . Criminal District Attorney of Harris County, Texas, at the May term, A. D. 1914, of the County Court at Law of Harris County, Texas, comes in behalf of the State of Texas, and in connection with the complaint of Jack Parsley herewith filed, presents in and to said County Court at Law: (And then follows a count charging appellant with aggravated assault.)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Criminal District Attorney, Harris County, Texas."

When the motion was filed to quash the information on the ground that it did not show to have been presented by an officer authorized to do so, Mr. Nicholson, assistant criminal district attorney, asked leave of the court to amend the information by inserting his name in the blank at the beginning of the information, and to sign his name as assistant criminal district attorney, and when leave was granted, he did so amend the information, and it then read: "H. L. Nicholson, Assistant Criminal District Attorney of Harris County, Texas, presents," etc., and it was signed by Mr. Nicholson. Appellant contends that the court had no authority to permit the information to be amended after it was filed. Articles 598 and 599 of the Code authorize an information to be amended after same has been filed in matters of form. It has been frequently held that a complaint may be amended by authorizing an officer to affix his signature and office he holds thereto, and we can see no reason why the court could not grant the district attorney permission to sign his name to the information, it being otherwise complete. Jones v. State, 31 Texas Crim. Rep., 426. Article 35 requires that the officer prosecuting pleas for the State shall file an information, after a complaint has been filed, and this he did, except to verify that it had been filed by his signature thereto, and this was a matter of form and not substance. In the bill of exceptions it is shown that an order was made by the judge authorizing the amendment to be made. This should have been entered of record and copied in the transcript, but as the bill of exceptions shows that permission was requested and granted by the court, this is sufficient evidence of that fact.

The judgment is affirmed.

*Affirmed.*